Brian Schulman (016008)
schulmanb@ballardspahr.com
Michael S. Myers (029978)
myersms@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595

J. Matthew Donohue (Oregon 065742)
matt.donohue@hklaw.com
Joseph L. Franco (Oregon 073913)
joe.franco@hklaw.com
*Pro hac vice Applications To Be Submitted*
HOLLAND & KNIGHT LLP
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: 503.517.2941
Facsimile: 503.241.8014
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RAMON MARTIN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> INSYS THERAPEUTICS, INC., a Delaware corporation, <br><br> Defendant. | Case No. <br><br> **NOTICE OF REMOVAL** <br><br> **JURY DEMAND** |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

Defendant INSYS Therapeutics, Inc. ("Insys") hereby removes to this Court the state court action described below. This removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441(a) and (b), 28 U.S.C. § 1446, and 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members, an amount in controversy in excess of $5,000,000, and

minimal diversity.  Defendant Insys, by and through its counsel undersigned, respectfully represent as follows:

## THE STATE COURT ACTION

1. On September 17, 2018, plaintiff Ramon Martin ("plaintiff") filed this putative class action alleging that Insys wrongfully caused plaintiff's health care premiums to increase by allegedly marketing and encouraging physicians to prescribe SUBSYS® for off-label uses, and by allegedly paying prescribers speaking fees for conducting informational presentations about SUBSYS®.  (Compl. ¶ 5.)

2. Plaintiff seeks to prosecute this action on behalf of a putative class consisting of:  "All persons (including natural persons and entities) who purchased health insurance policies in Arizona from 1996 through the present; and all persons who paid for any portion of employer-provided health insurance from 1996 through the present."  (Compl. ¶ 124.)  Notably, the first portion of the putative class, "[a]ll persons (including natural persons and entities) who purchased health insurance policies in Arizona from 1996 through the present," is not limited to individuals or entities who currently are citizens of Arizona.  In addition, the second portion of the class, "all persons who paid for any portion of employer-provided health insurance from 1996 through the present" is not limited to citizens of Arizona or to any other particular state.  (*Id.*)  Accordingly, the putative class necessarily includes persons and entities who are presently citizens of states other than Arizona.

3. Plaintiff excludes from the proposed class only "(1) any Judge or Commissioner presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant has controlling interest and its current, former, purported, and alleged employees, officers, and directors; (3) counsel for Plaintiff and Defendant; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors, or assigns of any such excluded persons; and (6) all persons who have previously had claims similar to those alleged herein finally adjudicated or who have released their claims against Defendant."  (*Id.*)

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone: 602.798.5400

4. This action was filed in the Superior Court of the State of Arizona in and for the County of Maricopa, and titled *Ramon Martin, individually and on behalf of all others similarly situated v. Insys Therapeutics, Inc.*, Case No. CV2018-011335 ("Action").

5. Plaintiff filed the Action on September 17, 2018 and served Insys with a summons and the complaint on September 18, 2018.

## **JURISDICTIONAL BASIS FOR REMOVAL**

6. Under 28 U.S.C. § 1441, this Court is the appropriate forum in which to file this Notice of Removal because the United States District Court of Arizona, Phoenix Division, is the federal judicial district embracing Maricopa County, Arizona, the county in which the Action was filed.

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and this matter is one which may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1453(b), for the following reasons:

   a. Insys is a Delaware corporation, with its principle place of business in Chandler, Arizona. Insys therefore is a citizen of Delaware and Arizona.

   b. Although the putative class representative alleges that he is a citizen of the State of Arizona, (Compl. ¶ 12), the class is not limited to citizens of Arizona or any other specific state. (Compl. ¶ 124.) The class therefore necessarily includes persons and entities who are citizens of state jurisdictions other than Arizona and Delaware, and minimal diversity is therefore satisfied.

   c. Plaintiff brings class claims under Rule 23 of the Arizona Rules of Civil Procedure, which authorizes an action to be brought by one or more representative persons as a class action.

   d. The complaint does not identify the precise number of class members, but states in its "numerosity" allegation that as of "2014, the Centers for Medicare and Medicaid Services estimated that almost four million people in Arizona enrolled in private health insurance." Based upon the allegations of the complaint, plaintiff intends to include not only these four million individuals in the class, but the tens

3

of millions of other individuals who enrolled in private health insurance over the 22 year span of the putative class. (Compl. ¶¶ 124, 125). The class, as pleaded by plaintiff, unquestionably includes more than 100 members.

e.   Insys does not concede any liability to plaintiff, and denies that plaintiff is entitled to any damages and/or that plaintiff may maintain this action on behalf of a putative class. However, given the number of alleged class members and plaintiff's allegation that the class members have been harmed in the same manner as the named plaintiff, Insys has a reasonable and good faith belief that the combined damages the proposed class members will seek exceed the sum or value of $5,000,000.

f.   First, plaintiff alleges that Insys obtained "millions of dollars in windfall profits" in Arizona. (Compl. ¶ 116.) Further, as noted above, plaintiff alleges that the putative class includes but is not limited to "[a]ll persons (including natural persons and entities) who purchased health insurance policies in Arizona from 1996 through the present," while simultaneously alleging that for the year 2014 alone there were over four million such persons. (Compl. ¶¶ 124, 125.) If each person who purchased insurance in this single year – of a class that purportedly spans 22 years – were seeking to recover just $1.25 each, then the $5,000,000 threshold would be met.

g.   Second, the second portion of the putative class description is "all persons who paid for any portion of employer-provided health insurance from 1996 through the present." (Compl. ¶ 124.) Because this portion of the class is not tethered to Arizona, it would necessarily include tens of millions of individuals who "paid for any portion" of employer provided health insurance during the span of 22 years. Given the size of the putative class, the amount in controversy would exceed $5 million even if plaintiff were seeking pennies for each class member.

8.   Insys files this Notice in accordance with Fed. R. Civ. P. 11.

4

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

9. Removal is timely under 28 U.S.C. § 1446(b), because this Notice is filed within 30 days after receipt of the Complaint by Insys.

10. Pursuant to 28 U.S.C. § 1446 and L.R. Civ. 3.6(a), counsel for Insys shall promptly file copy of this Notice of Removal in the Action.

11. In accordance with L.R. Civ. 3.6(b), copies of all documents served on Insys or filed in the Action, are attached to the Declaration of Michael S. Myers, which is attached hereto as **Exhibit A**.

12. In accordance with L.R. Civ. 3.6(c), Insys shall file a notice of the Stipulation for Extension of Time to Respond to Complaint that is currently pending in the Action.

13. Pursuant to Fed. R. Civ. P. 81(c) and L.R. Civ. 3.6(d), Defendant Insys hereby demands a jury trial on all triable issues.

WHEREFORE, Defendant Insys respectfully removes this action from the Superior Court of the State of Arizona in and for the County of Maricopa to the United States District Court for the District of Arizona.

RESPECTFULLY SUBMITTED this 17th day of October, 2018.

BALLARD SPAHR LLP

By: */s/ Michael S. Myers*
    Brian Schulman (016008)
    Michael Myers (029978)
    1 East Washington Street, Suite 2300
    Phoenix, AZ 85004-2555

    J. Matthew Donohue (Oregon 065742)
    Joseph L. Franco (Oregon 073913)
    HOLLAND & KNIGHT LLP
    111 S.W. Fifth Avenue
    Portland, OR 97204

    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on this 17th day of October, 2018, I electronically the foregoing document via the court's CM/ECF electronic filing system.

A complete copy of the foregoing sent by hand delivery and email this same date to the following:

Todd Feltus
Sean O'Hara
Kercsmar & Feltus PLLC
7150 E. Camelback Road, Suite 285
Scottsdale, Arizona  85251
tfeltus@kflawaz.com
sjo@kflawaz.com
*Attorneys for Plaintiff*

*/s/ Caroline Wright*

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, Arizona  85004-2555
Telephone: 602.798.5400